IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CECIL SHADBURN and WENDY WEHRMAN, | : : : |
| Plaintiffs, | : : |
| v. | : CIVIL ACTION NO. : 1:06-CV-1655-JOF : |
| ROSEWOOD PLANTATION APARTMENTS, INC., a foreign corporation, et al., | : : : : |
| Defendants. | : |

**OPINION AND ORDER**

This matter is before the court on the parties' joint motion for entry of scheduling order [45-1] and Plaintiffs' motion for an extension of time to respond [54-1].

Plaintiffs, Cecil Shadburn and Wendy Wehrman, filed suit against Defendants Rosewood Plantation Apartments, Inc., Belfor USA Group, Inc., Trammell Crow Residential Co., and RREEF Management Co., on June 12, 2006, in the State Court of Fulton County, alleging various personal injuries arising out of exposure to mold and remediation chemicals. Defendants removed the suit to this court on July 13, 2006. Plaintiffs filed a motion to remand which the court denied on October 16, 2006. Thereafter, the parties engaged in discovery.

AO 72A
(Rev.8/82)

However, in April 2007, Plaintiffs' attorneys filed a motion to withdraw as counsel. On May 18, 2007, the represented parties filed a joint motion to stay discovery while the motion to withdraw was pending. That motion indicated that responses to pending requests for admission served upon Plaintiff would be due thirty (30) days after the court ruled on the motion to withdraw as counsel. On June 1, 2007, the court granted both the motion to withdraw and the motion for a stay of discovery.

On June 29, 2007, just prior to the expiration of the stay, Plaintiffs, appearing *pro se* filed their own motion for an extension of time to complete discovery. In that motion, Plaintiffs stated that they were trying to locate new counsel and requested a ninety-day extension of the discovery period. The court granted that motion on July 3, 2007.

On August 10, 2007, Defendants requested a Scheduling Order setting forth specific deadlines in the case regarding the submission of expert testimony. Shortly thereafter, all Defendants filed motions for summary judgment.

On September 10, 2007, Plaintiffs filed a motion for an extension of time to file documents in opposition to Defendants' motions for summary judgment. Plaintiffs stated that they had been trying without success to find an attorney. Plaintiffs also stated that in their *pro se* capacity, they did not understand the difference between a stay and an extension. Plaintiffs asked for an additional ninety days to file documents in response to Defendants' motion for summary judgment or to find an attorney. Plaintiffs stated that they denied the

2

allegations in Defendants' motions for summary judgment and believed the motions were filed prematurely because discovery was not complete.

Due to the timing of Plaintiffs' counsel withdrawal and the requesting and granting of various extensions, the court finds that the deadlines governing the conclusion of discovery and the filing of motions for summary judgment have been indeterminate. The court finds that Plaintiffs have had ample opportunity to locate new counsel and have not been able to do so. As such, Plaintiffs are proceeding in this litigation *pro se*, and the court will grant no further extensions of time to locate new counsel. The court further finds that Plaintiffs have not explained to the court the need for any additional discovery. All requests by Plaintiffs for additional discovery time have been linked to their attempts to locate new counsel. On June 1, 2007, the court granted a request for a stay of discovery until thirty (30) days after the court ruled on Plaintiffs' counsel's motion to withdraw as attorney. That stay was set to expire on June 30. Since then, Plaintiffs have not attempted to serve discovery on Defendants or explained to the court any additional discovery they would need.

In the meantime, Defendants filed their motions for summary judgment. Plaintiffs requested additional time to respond to those motions. But the time – even if extended at Plaintiffs' request – has passed without response from Plaintiffs even though Plaintiffs have indicated on numerous occasions that they intend to submit documentation to the court.

3

Out of deference to Plaintiffs' *pro se* status and the ambiguity regarding deadlines, the court DIRECTS Plaintiffs to respond to Defendants' motions for summary judgment within twenty (20) days from the date of this order. There will be NO FURTHER EXTENSIONS of this time. There will be NO FURTHER EXTENSION OF DISCOVERY. This is Plaintiffs' last opportunity to respond to Defendants' motions. After the expiration of that time period, the court will rule on Defendants' motions for summary judgment.

Because the court has established the new deadlines above, the court DENIES AS MOOT the parties' joint motion for entry of scheduling order [45-1] and DENIES AS MOOT Plaintiffs' motion for an extension of time to respond [54-1].

**IT IS SO ORDERED** this 18th day of January 2008.

                                             s/ J. Owen Forrester
                                             J. OWEN FORRESTER
                                             SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)